IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHELTON M. FRYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 08-0340-WS-N |
| | ) | |
| ESCAMBIA COUNTY BOARD OF | ) | |
| EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the defendants' renewed motion to dismiss. (Doc. 28). The motion seeks dismissal of the third amended complaint ("the complaint") as to the four individual defendants. The parties have filed briefs in support of their respective positions, (Docs. 29, 31, 32), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted in part and denied in part.

## BACKGROUND

According to the complaint, the plaintiff is employed in the Escambia County school system. He alleges he has repeatedly been denied promotions based on race discrimination and retaliation, in violation of Title VII, Section 1981, and Section 1983.

The entity defendant is the Escambia County Board of Education ("the Board"). The individual defendants are superintendent William Hines, assistant superintendent Mary Beth Powell, principal Susan McKenzie, and human resources supervisor Mona Simmons. Each is sued for race discrimination and retaliation under Sections 1981 and 1983. The Board is also sued under Title VII.

## DISCUSSION

The defendants' primary contention is that the complaint fails to satisfy the "heightened pleading" standard applicable to claims against individuals potentially partaking of qualified immunity.[1]  When claims are asserted under Section 1983 against persons in their individual capacities, in order to allow them to properly assert qualified immunity the plaintiff is held to a "heightened pleading" standard.  This requires the plaintiff to "allege with some specificity the facts which make out [his] claim."  *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998).

The plaintiff does not directly address this standard but instead insists the complaint satisfies Rule 8 as construed by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  (Doc. 31 at 4).  The heightened pleading requirement, however, does not spring from Rule 8 but from the needs of individual governmental defendants for sufficient information to allow them to effectively assert qualified immunity (which is immunity from suit, not merely from judgment) at the outset of litigation.  *E.g., Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992).  Although the Supreme Court has repeatedly questioned the imposition of pleading requirements in excess of those inherent in Rule 8,[2] the Eleventh Circuit continues to enforce its heightened pleading requirement.  *E.g., Amnesty International v. Battle*, 559 F.3d 1170, 1179 & n.5 (11th Cir. 2009).  The plaintiff's invocation of Rule 8 is thus unresponsive to

---

[1]The defendants correctly point out that all allegations against the individual defendants concern actions that they took in their official capacities as employees of the school system and that are within the outer perimeter of their official duties.  (Doc. 29 at 2-3).  For present purposes, the Court may thus assume that the defendants were acting within their discretionary authority, so as to implicate potential qualified immunity.  *E.g., Collier v. Dickinson*, 477 F.3d 1306, 1308 n.1 (11th Cir. 2007).  The plaintiff does not suggest otherwise.

[2]*E.g., Jones v. Bock*, 549 U.S. 199, 212-13 (2007) ("In a series of recent cases, we have explained that courts should  generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns.").

-2-

the defendants' challenge.

The complaint's allegations concerning the individual defendants are as follows:

- they are sued "for their actions in denying Plaintiff a fair and equal opportunity to compete for promotions";

- Hines and Powell "had a responsibility to ensure the fair treatment of Plaintiff in the promotional process";

- Hines and Powell "failed to properly consider any of Plaintiff's applications for promotions, and did not insist that those under their supervision do so";

- Simmons "actively participated in the discriminatory and retaliatory activities of the Board and its higher level management, all to Plaintiff's detriment";

- Hines, Powell and McKenzie "actively interfered with Plaintiff [sic] attempts to secure promotional opportunities";

- After the plaintiff filed an internal complaint of discrimination with the school system, Simmons "never responded to Plaintiff's complaints";

- "Upon information and belief, [Hines and Powell] always interjected themselves into the promotional process to prevent any promotion going to Plaintiff";

- "[T]he Defendant Board would rubber-stamp all recommendations from defendants Powell and Hines."

(Doc. 24 at 2-5).

To satisfy the heightened pleading standard, the allegations of the complaint must "provide sufficient detail for Defendants to understand what alleged rights were violated ... and which of their actions allegedly violated those rights," and it must also "provide enough information for the court to determine whether those facts indeed set out a violation of rights and whether those rights were clearly established when these incidents occurred." *Amnesty International*, 559 F.3d at 1180. The defendants invoke only the

second of these facets:  whether the complaint sufficiently identifies "which of their actions allegedly violated [the plaintiff's] rights."  (Doc. 28 at 2-4; Doc. 29 at 5-6; Doc. 32 at 2-5).  The answer varies among the defendants.

The only allegations against McKenzie are that she "den[ied] Plaintiff a fair and equal opportunity to compete for promotions" and that she "actively interfered with Plaintiff['s] attempts to secure promotional opportunities."  It is impossible to tell from these allegations what McKenzie did that violated the plaintiff's rights to non-discriminatory and/or non-retaliatory promotion decisions, and the complaint as to her thus fails the heightened pleading standard.[3]

There are vague allegations about Hines and Powell as well, but there are also specific ones:  that they "failed to properly consider any of Plaintiff's applications for promotions" and that they made promotion recommendations to the Board that were unfavorable to the plaintiff.[4]  The defendants do not explain how these clear allegations could fail to satisfy the heightened pleading standard.

As for Simmons, the complaint alleges that the plaintiff filed with her an internal complaint of discrimination, which she ignored.  This is a clear statement of what Simmons did (or, more precisely, failed to do) that is the basis of the plaintiff's claims against her.  The defendants do not explain how any different conclusion could be drawn.

Beyond their heightened pleading argument, the defendants advance no reason the

---

[3]Because the defendants have not shown that the heightened pleading standard applies to claims under Section 1981, dismissal is appropriate only with respect to the Section 1983 claim against McKenzie.

[4]The defendants acknowledge that the plaintiff is entitled to reasonable inferences drawn from the pleaded facts.  (Doc. 29 at 3).  From the pleaded facts that Hines and Powell "interjected themselves into the promotional process to prevent any promotion going to Plaintiff" and that the Board "rubber-stamp[ed] all recommendations" from Hines and Powell may be drawn a reasonable inference that Hines and Powell interjected themselves by making negative recommendations to the Board concerning the plaintiff's promotion bids.

claims against Hines should be dismissed.  As for Powell, they argue she "does not and cannot legally make any recommendations to the Board."  (Doc. 28 at 3).  A lack of legal authority to make promotional recommendations, assuming it exists, does not render it impossible that Powell nevertheless made such recommendations, as the complaint alleges.  The defendants offer no evidence that Powell did not make such recommendations, and the Court could not in any event consider factual matters beyond the pleadings on motion to dismiss.

The defendants next train their sights on Simmons.  They first argue that Simmons' failure to respond to the plaintiff's complaint of discrimination cannot give rise to liability because the allegedly discriminatory failures to promote had already occurred. (Doc. 28 at 2; Doc. 29 at 6).  In fact, the complaint alleges that an additional discriminatory failure to promote occurred in 2008, after Simmons' 2007 failure to investigate.  (Doc. 24 at 4-5).

Next, the defendants posit that "failing to respond to a complaint does not violate Section 1981 or 1983."  (Doc. 28 at 2; Doc. 29 at 6).  The defendants offer no authority or explanation in support of this ipse dixit, and the Court will not supply the deficiency.

Finally, the defendants assert that the plaintiff's claim against Simmons inadequately alleges supervisory liability.  (Doc. 29 at 6-7).  The problem is that the defendants have not identified the pleading requirements for supervisory liability, and the Court will not construct the argument on their behalf.  They insist as a factual matter that Simmons is not the supervisor of Hines or Powell, (*id*. at 6), but they offer no evidence to prove the point and do not explain how the Court could consider such evidence on motion to dismiss.  Nor is it clear that the complaint seeks to impose supervisory liability on Simmons rather than direct liability for discriminatorily ignoring his complaint.

In their reply brief, the defendants suggest the complaint does not satisfy Rule 8. (Doc. 32 at 5-7).  District courts ordinarily do not consider arguments first raised in a

reply brief,[5] and the Court finds no reason to depart from this rule.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is **granted** as to the Section 1983 claim against McKenzie, which is **dismissed**.  In all other respects, the motion to dismiss is **denied**.

DONE and ORDERED this 13th day of October, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5]*Waddell v. Holiday Isle, LLC*, 2009 WL 2413668 at *4 & n.5 (S.D. Ala. 2009) (collecting cases).