IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHELTON M. FRYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-00340-WS-N |
| | ) |
| ESCAMBIA COUNTY BOARD OF | ) |
| EDUCATION, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This action is before the undersigned on plaintiff's motion (doc. 53) to strike defendants' supplemental disclosures, defendants' response in opposition thereto (doc. 55), and plaintiff's reply (doc. 56). After careful consideration of these arguments and all other pertinent portions of the record, the undersigned concludes that the motion is due to be **DENIED**.[1]

Procedural Background

A Rule 16(b) Scheduling Order was entered in this action on September 15, 2009 (doc. 35) setting a discovery deadline of March 12, 2010. The Scheduling Order further directed the parties to exchange initial disclosures on or before September 14, 2009. *Id.*[2]

---

[1] Defendants' response also contains a request for oral argument. After careful review of the parties' detailed written submissions the undersigned concludes that oral argument would not materially assist the Court in understanding and resolving the issues presented. Accordingly, the request for oral argument on the motion is denied. *See* Local Rule 7.3 ("the court may in its discretion rule on any motion without oral argument").

[2] In their Rule 26(f) Report the parties agreed to exchange initial disclosures by September 14, 2009. (Doc. 34 at 3) However, the docket sheet reflects that defendants served

On March 8, 2010 plaintiff filed an unopposed motion for an extension of time to complete discovery. (Doc. 42) The motion was granted and the discovery deadline was reset to April 12, 2010. (Doc. 43) On April 8, 2010 defendants filed notice of service of supplemental disclosures and supplemental response to request for production. (Doc. 50)[3] On April 13, 2010 plaintiff filed the instant motion to strike defendants' supplemental disclosures on the grounds, in sum, that "Defendants' close of discovery submission of ten additional witnesses, who are all well known to the defendants, is prejudicial to the Plaintiff and hampers his ability to properly prepare his case." (Doc. 53)

Federal Rules of Civil Procedure 26 & 37

Rule 26(a) of the Federal Rules of Civil Procedure requires parties to exchange initial disclosures containing the identity of each individual likely to have discoverable information along with the subjects of that information. Fed. R Civ. P. 26(a)(1). In addition, Rule 26(e) requires the parties to supplement their 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*." Fed. R. Civ. P. 26(e)(1) (A) (emphasis added).

Rule 37 of the Federal Rules of Civil Procedure addresses the possible sanctions

---

initial disclosures on plaintiff on March 4, 2010. (Doc. 41)

[3] The docket sheet reflects that plaintiff filed a notice of filing supplemental disclosures on April 12, 2010. (Doc. 52)

available if a party fails to comply with Rule 26: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party ." Mitchell v. Ford Motor Co., 318 Fed. Appx. 821, 825 (11th Cir.2009) (quoting Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N. D. Ga. 2006)).

The Advisory Committee Notes to Rule 26(e) provide that there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition...." *See also* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2049.1 ("[T]here is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery."); Watts v. Hospitality Ventures, LLC, 2008 WL 220798, *2 (M.D.Ala., January 25, 2008) (" Rule 26(e) does not require a supplemental disclosure of a witness name if the witness was identified in discovery, such as during a deposition.").

<u>Discussion</u>

It is undisputed that the supplemental disclosures at issue were served by the defendants' counsel on plaintiff's counsel on Thursday April 8, 2010 *prior* to the close of

3

discovery on Monday, April 12, 2010. The issue is whether the failure to disclose these witnesses initially was due to counsel's oversight, because defendants' investigation was incomplete[4] or because the ten additional witnesses were unknown to either side.

In the motion, plaintiff's counsel, without specifically naming any of the witnesses he seeks to have stricken, acknowledges that "seven (7) of the ten [witnessess identified in the supplemental disclosures] are actually duly elected members of the Escambia County Board of Education" and describes the remaining three as "employees of the defendant Board of Education." In the Amended Complaint (doc. 24), plaintiff refers to "his claims [as being] against the Defendant Escambia County Board of Education, and its members." Complaint (doc. 24) at 1.

Defendants argue that they had no duty under the Rules to supplement their disclosures with names of individuals they maintain were known to plaintiff, but did so in an abundance of caution. (Doc. 55) In support of their opposition, defendants have submitted a copy of their supplemental disclosures, plaintiff's supplemental disclosures and a portion of plaintiff's deposition testimony. (Doc. 55, Exhibits 1, 5)

The ten witnesses identified in defendants' supplemental disclosures are: Cereal Daniel, William J. Grissett, Charles Brooks, Michael Goolsby, Richard Hawthorne, Jack Crutchfield, Danny Benjamin, Zickeyous Byrd, Carl Raley and Harvey Means. (Id.,

---

[4] Rule 26 of the Federal Rules of Civil Procedure provides that "[a] party must make its initial disclosures based on information then reasonable available to it [and] is not excused from making its disclosures because it has not fully completed its investigation of the case..." Fed.R.Civ.P. 26(a)(1)(E).

Exhibit 1) [5]  It is undisputed that the first seven are members of the Escambia Board of Education, defendant in this lawsuit.  Of those seven, Daniel, Grissett and Brooks were specifically referenced in plaintiff's initial complaint and were known to plaintiff.[6]

Plaintiff also had knowledge of the three remaining witnesses listed in the disclosure.  Harvey Means, principal of Escambia County High School interviewed plaintiff for the assistant principal position and is included as a witness in plaintiff's supplemental disclosures.  Defendants' Opposition (doc. 55) at Exh. 3.  In addition, plaintiff deposed Mr. Means, who was put up as one of the Board's 30(b)(6) witnesses.

Carl Raley was Principal of Escambia County High School from 2007-2008 and conducted an interview of the plaintiff for one of the positions Frye contends he was denied for improper discriminatory and/or retaliatory reasons.  *See* Doc. 58-16 (Raley Affidavit); Defendants' Opposition (doc. 55) at Exh. 2.  In addition, Raley was referenced in plaintiff's initial complaint and plaintiff testified in his deposition to his interaction with Raley.  Mr. Raley was clearly a person known to plaintiff from the outset to have discoverable information relevant to the disputed facts in this case.

The remaining witness,  Zickeyous Byrd, is principal of Escambia County Middle School and is identified as having "information about the plaintiff's work history at the

---

[5]  Defendants also argue that David Lanier was known to plaintiff.  (Doc. 55 at 3)  However, Mr. Lanier is not one of the ten named witnesses on the defendants' supplemental disclosure list that is the basis of the instant motion.

[6]  The initial complaint in this action was filed on June 13, 2008 (doc. 1) with plaintiff proceeding *pro se.*

school." Defendants' Opposition (doc. 55) at 3. Plaintiff also referenced Byrd in his deposition testimony. Notwithstanding, plaintiff's counsel argues that, although Mr. Byrd was known to plaintiff, the fact that he would testify was unknown. However, in this employment discrimination action challenging defendants' failure to select plaintiff for an administrative position, an individual who supervised the plaintiff when he served as a substitute teacher was both clearly known to the plaintiff and should have been regarded by him as an individual with relevant discoverable information concerning plaintiff's qualifications for the position(s) at issue. Plaintiff has failed to show any prejudice by Mr. Byrd's inclusion in the list set forth in defendants' supplemental disclosures.

Based on the foregoing, the undersigned finds that the supplemental disclosures (i.e., the ten named witnesses) were otherwise known to plaintiff during the discovery period which ended on April 12, 2010. As such, under Rule 26(e) defendants were not bound to identify these individuals as possible witnesses at an earlier time. Nevertheless, defendants made the supplemental disclosure *prior* to the close of discovery[7] and plaintiff has failed to show how he is prejudiced by this fact. *See* Fed. R. Civ. P. 37(c)(1).

---

[7]Plaintiff, in paragraph 7 of the motion itself (doc. 53), sets out Rule 26(g)(1), including the provision that "[T]he signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information and belief, **formed after a reasonable inquiry**, the disclosure is complete and correct as of the time it is made." Doc. 53 at ¶ 7 (emphasis added by plaintiff). Plaintiff then concludes the motion with a plea that, "pursuant to Rule 26(a) and 26(g)(3), Defendants' supplementation is due to be stricken and disallowed." *Id*. at 2. Assuming that plaintiff is referring to the signature of defendants' counsel on the supplemental disclosures, plaintiff does not explain in what manner he contends that defendants' certification that "[t]he following individuals are believed to have discoverable, non-privileged information relevant to the disputed facts in this case" is false. Consequently, plaintiff has failed to establish that sanctions should be imposed in this case for "improper certification."

Consequently, it is **ORDERED** that plaintiff's motion (doc. 53) to strike defendants' supplemental disclosures is hereby **DENIED**.

Done this 7th day of May, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**