IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHELTON M. FRYE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 08-0340-WS-N |
| | ) | |
| ESCAMBIA COUNTY BOARD OF EDUCATION, et al., | ) ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on the defendants' motion to stay during interlocutory appeal. (Doc. 81). The case is set for trial against defendants Escambia County Board of Education ("the Board") and superintendent William Hines in August 2010. Hines has recently taken an interlocutory appeal of the Court's order denying his motion for summary judgment as to the plaintiff's claim of race discrimination in the June 2008 selection of an assistant principal for Escambia County High School. Hines argued that he was protected by qualified immunity, but the Court ruled that, under the plaintiff's version of the evidence, qualified immunity is not available.

The plaintiff opposes a stay on two grounds. First, he argues that a stay is inefficient because a verdict for the Board will effectively compel judgment for Hines as well and obviate a second trial. (Doc. 83 at 1-2). Maybe so, but a verdict for the plaintiff against the Board will not moot a second trial, so proceeding to trial now risks the very inefficiencies the plaintiff recognizes should be avoided.

Second, the plaintiff argues that the appeal is patently meritless because the only issue that could be presented is the long-decided one of whether intentional race discrimination violates clearly established law. (Doc. 84 at 3). Whether or not the appeal is meritless, proceeding to trial would be inefficient, as discussed above. Nor is it clear the plaintiff has accurately identified the only issue that could be argued on appeal. The

Court concluded that the plaintiff's evidence is sufficient to create a genuine issue of material fact as to whether the defendants' articulated reasons for his non-selection were a pretext for race discrimination. Were the appellate court to rule that the plaintiff's evidence, even if believed, would not create a fact issue as to race discrimination, it could rule that Hines did not violate the plaintiff's constitutional rights and that he therefore is entitled to qualified immunity.[1]

For the reasons set forth above and in the defendants' motion, the motion to stay is **granted**. This action is **stayed** pending resolution of the interlocutory appeal and further Court order. The trial and final pretrial conference are continued indefinitely.

DONE and ORDERED this 16th day of July, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Such a ruling presumably would also be dispositive of the plaintiff's claim against the Board, further counseling against any trial before the appellate proceedings are concluded.